**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **United States of America,** | ) | **CASE NO. 1:05 MC 97** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Hassan Howard,** | ) | **Order** |
| | ) | |
| **Defendant.** | ) | |

**Introduction**

This matter is before the Court upon the Government's Motion to Reconsider Court's Order to Return Property (Doc. 3). For the following reasons, the motion is unopposed and granted.

**Facts**

Defendant Hassan Howard, was named in a two-count indictment charging him with two counts of possession with intent to distribute cocaine and cocaine base (crack). On October 12, 2004, petitioner entered pleas of guilty to Counts One and Two. The Plea Agreement provided that petitioner agreed to forfeit $24,432.00 in U.S. currency which had been seized as well as a

1

1997 Mercury Montaineer.  Plaintiff also agreed that a 2001 GMC Yukon Denali was subject to forfeiture.  On March 7, 2005, petitioner was sentenced to 67 months imprisonment on both counts, to run concurrent to each other, followed by four years of supervised release.  Petitioner did not file a direct appeal of his sentence.

On February 1, 2006, this Court granted, as unopposed, defendant's December 22, 2005 Motion for Return of Property.  Defendant sought return of the 2001 Yukon Denali.  Plaintiff did not file an opposition in this case to defendant's motion.  On January 11, 2006, however, plaintiff erroneously filed in defendant's criminal case (1:04 CR 322) a motion to dismiss defendant's pending § 2255 motion.  The motion to dismiss addressed the request for the return of property sought herein.  On February 8, 2006, plaintiff then correctly filed its motion to dismiss in defendant's pending § 2255 action (1:05 CV 2922).  Plaintiff requests that this Court consider these incorrectly filed responses to the Motion for Return of Property.  The Court will do so and address defendant's Motion for Return of Property on the merits.

**Discussion**

Federal Rule of Criminal Procedure 41(g) states in part, "A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return."

Defendant argues that the 2001 Yukon Denali was unlawfully seized and was not ordered forfeited by this Court pursuant to his Plea Agreement.  For the following reasons, the Court finds that defendant is not entitled to return of the property.

Pursuant to his Plea Agreement, defendant consented to the forfeiture of $24,432.00 in U.S. currency which had been seized as well as a 1997 Mercury Montaineer.  Defendant further

acknowledged that a civil administrative forfeiture proceeding had been initiated with respect to the $24,432.00 in U.S. currency and the 2001 Yukon Denali. Pursuant to the Plea Agreement, defendant agreed to withdraw his claim filed in the administrative proceeding, and agreed "to the civil/administrative forfeiture of all his right, title and interest in [these] properties." (Plea Agreement at 9). Defendant additionally agreed that the currency and the 2001 Yukon Denali were "subject to forfeiture under 21 U.S.C. § 881 as they were derived from proceeds he obtained, directly or indirectly, as a result of drug activity." (*Id.* at 10).

Defendant has not countered plaintiff's assertion that defendant waived any claims to his property pursuant to the Plea Agreement. As such, defendant has not demonstrated that he is entitled to return of the 2001 Yukon Denali.

**Conclusion**

For the foregoing reasons, the Government's Motion to Reconsider Court's Order to Return Property is granted.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 3/31/06